E. D. CLEMMONS *v.* E. D. HAMPTON and W. B. MARCH.

A contract made during the recent war,—a part of the consideration for which was the carrying of the mail of the Confederate States by the defendants, cannot now be enforced, being against the public policy of the government.

*Obiter,* That the contract being void, property purchased by the defendant in the course of it, may be recovered, or *damages* had for its conversion.

ASSUMPSIT, tried before *Cloud J.*, at Fall term 1869 of FORSYTH Court.

The Pleas were, General issue, Failure of consideration, Illegality of consideration.

The plaintiff declared upon two notes given to him by the defendants in February 1865, for $1,565.00. payable in *gold,* or its equivalent.

It was shown that the notes were given for coaches, horses, &c., with which the plaintiff was then carrying the mail for the Confederate States' government, between High Point and Salem, and that a part of the consideration was, that the defendants should take his place in that contract ; and that accordingly this was done.

The plaintiff introduced evidence, showing that his contract with the Confederate States did not require that he should carry the mail in coaches, but that he might carry it on horseback, the coaches being used merely to accommodate travellers, also that the contract between defendants and himself, did not require them to carry the mail in coaches ; that mail carriers during the war were exempt from military service ; and that plaintiff surrendered the contract in question, with a view to leave the Confederacy, and have an operation performed for deafness.

The defendants requested the Judge to instruct the jury, that the consideration of carrying the mails of the Confederate States was against public policy, and unavoidably infected and vitiated the contract in question, no matter what

other purposes and considerations may have entered into the transaction.

The judge declined this request, and instructed the jury, "That if the illegal use to be made of the property sold, entered into the contract, and formed the motive or inducements in the mind of the plaintiff, he could not recover.

Verdict for the plaintiff; Blue &c.; Judgment, and Appeal.

*Masten and Clement,* for the appellants,
*T. C. Wilson and Scott, contra.*

It is enough for the purposes of the defendants in this case, that the plaintiff sold the property, knowing what use the defendants were about to make of it; here, however, the plaintiff sold them for that object; Benjamin on Sales, 380 &c., 404: *Cannon* v. *Boyce,* 3 B. and Ald. 179; *Langton* v. *Hughes,* , 593; *Martin* v. *McMillan,* 63 N. C. 446.

RODMAN, J. It is unnecessary to cite here the several recent cases in this court, in which the subject of illegal considerations has been discussed. A part of the consideration of the notes sued on, was that the defendants would take the place of the plaintiff, in his contract with the Confederate States, to carry the mail, and perform that service. The plaintiff alleges that the agreement of the defendants in that respect did not at all affect the amount of the notes sued on, which was fixed entirely by the value of the property sold; that as mail contractors were exempt from military service, it was easy to find persons who would carry the mail without other compensation. But it is impossible not to see that the agreement by the defendants to carry the mail entered as an inseparable element into the consideration, and affected, in one way or another, the price which the defendants agreed to pay. We think, therefore, the contract sued on is void.

But it does not follow that the plaintiff is obliged to lose the property which he sold to the defendants, or that they, being *in pari delicto* with the plaintiff, can retain it without compensation to him.   The law is not so unjust.   The whole transaction, being for an illegal purpose, is void, and the plaintiff has his remedy to recover the property or damages for its conversion.

PER CURIAM.                    *Venire de novo.*